**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **MUHAMMAD ADNAN KHAN,**<br>**Plaintiff,**<br>**v.**<br>**ACME MARKETS INC., *et al.*,**<br>**Defendants.** | **Case No. 26–cv–11411–ESK–EAH**<br><br>**OPINION AND ORDER** |

**THIS MATTER** having come before the Court on the renewed application (Application) of *pro se* plaintiff Muhammed Adnan Khan to proceed *in forma pauperis* (IFP) (ECF No. 7); and plaintiff having brought this action against defendants Acme Markets Inc. (Acme) and United Food and Commercial Workers Local 152 (United); and the Court finding,

1. Pursuant to 28 U.S.C. § 1915(a)(1), this Court may allow a litigant to proceed without prepayment of fees if the litigant "submits an affidavit that includes a statement of all assets" and "states the nature of the action, defense or appeal and affiant's belief that the person is entitled to redress." "The decision to grant [IFP] status turns on whether an applicant is 'economically eligible' for such status." *Taylor v. Supreme Court*, 261 F. App'x 399, 400 (3d Cir. 2008) (quoting *Sinwell v. Shapp*, 536 F.2d 15, 19 (3d Cir. 1976)). "A person need not be 'absolutely destitute' to proceed [IFP]; however, an [applicant] must show the inability to pay the filing and docketing fees." *Id.* (quoting *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339 (1948)).

2. Plaintiff's affidavit in support of the Application sufficiently establishes an inability to pay the Court's fees.

3. The Court shall accordingly screen the action to determine whether plaintiff's complaint (Complaint) (ECF No. 1 (Compl.)): (a) is frivolous or malicious; (b) fails to state a claim on which relief may be granted; or (c) seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii). The Court notes that while pleadings filed by *pro se* plaintiffs are to be liberally construed and are held to a less stringent standard than those filed by attorneys, "*pro se* litigants still must allege sufficient facts

in their complaints to support a claim." *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

4. When evaluating whether a complaint must be dismissed under 28 U.S.C. §1915(e), the Court applies the same standard of review that governs a motion to dismiss pursuant to Federal Rule of Civil Procedure (Rule) 12(b)(6). *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 112 (3d Cir. 2002). To survive dismissal under Rule 12(b)(6), a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

5. A complaint must also comply with Rule 8, which requires that each allegation be "simple, concise, and direct" yet provide enough specificity as to "give the defendant fair notice of what the … claim is and the grounds upon which it rests." *Bell Atl. Corp.*, 550 U.S. at 555. A complaint fails to satisfy Rule 8 when the court must sift through irrelevant or unclear allegations to discern the claims asserted, such as where it (a) "contain[s] multiple counts where each count adopts the allegations of all preceding counts"; (b) is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (c) fails to separate "into a different count each cause of action or claim for relief"; or (d) "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1321–23 (11th Cir. 2015)

6. Here, the Complaint does not meet the above standards. Plaintiff alleges that Acme employed him as a deli clerk and that United represented employees in his bargaining unit. ((Compl.).) Plaintiff attributes unequal scheduling, discipline, and a hostile work environment to race and national origin discrimination. (*Id.*) Plaintiff further alleges that after he complained to management and United representatives, he experienced adverse employment actions. (*Id.*) Plaintiff also alleges that "Corporate Payroll" confirmed that plaintiff was owed a "replacement check" for $572.82, but the store director has withheld the funds, and that the union shop steward and store director acted in concert to "suppress a wage inquiry." (*Id.*)

7. The Complaint asserts Title VII race and national origin discrimination against Acme (Count I), Title VII retaliation against Acme (Count II), a claim under New Jersey Law Against Discrimination (NJLAD)

against Acme (Count III), and claims concerning the duty of fair representation and Title VII against United (Count IV). (*Id.*) Title VII prohibits discrimination concerning compensation, terms, conditions, or privileges of employment because of race or national origin. 42 U.S.C. §2000e-2(a)(1). Title VII does not require a heightened showing of significant harm to an employment term or condition. *Muldrow v. City of St. Louis, Mo*., 601 U.S. 346, 354,55 (2024). Here, plaintiff does not allege sufficient facts connecting defendants' actions to plaintiff's race or national origin. 42 U.S.C. §2000e-2(a)(1); *see Peifer v. Board of Probation & Parole*, 106 F.4th 270 (3d Cir. 2024) (quoting *Furnco Const. Corp. v. Waters*, 438 U.S. 567, 576–598 S.Ct. 2943, 57 L.Ed.2d 957 (1978) ("[T]he plaintiff's initial burden is to show '[adverse] actions taken by the employer from which one can infer, if such actions remain unexplained, that it is more likely than not that such actions were 'based on a discriminatory criterion illegal under [Title VII].'").

8. The complaint identifies conduct that could have adversely affected plaintiff's employment, including interference with scheduling and withheld compensation. (Compl. pp.2,3.) Mr. Khan neither identifies his race or national origin in the allegations nor explain how the portal changes, promotion decisions, or withheld check were connected to either characteristic. (*Id.*) The assertion that management favored preselected candidates does not identify a discriminatory basis for that preference. Acme's remark that "[t]his is America" provides possible context, but Mr. Khan does not connect this remark to the separate employment decisions. (*Id.*) These allegations do not support a reasonable inference that Acme took the challenged actions because of Mr. Khan's race or national origin.

9. Furthermore, Mr. Khan asserts a Title VII retaliation claim. (*Id.*) When asserting a Title VII retaliation claim, plaintiff must show that: (1) he engaged in activity protected by Title VII; (2) the employer took an adverse employment action against him; and (3) there was a causal connection between his protected activity and the adverse employment action. *Moore v. City of Philadelphia*, 461 F.3d 331, 340–343 (3d Cir. 2006). Retaliation is actionable "only where it produces material injury of harm sufficient to deter opposition to, or reporting of discriminatory employment practices." *Alers v. City of Philadelphia,* CIV.A. 08-4745, 2013 WL 300747, *8 (E.D. Pa. Jan. 24, 2013) (quoting *Burlington,* 548 U.S. at 67, 68). Circumstantial evidence of a "pattern of antagonism" following protected conduct can also give rise to the inference. *Kachmar v. SunGard Data Systems, Inc.*, 109 F.3d 173, 177 (3d Cir. 1997) (quoting *Robinson v. Southeastern Pa. Transp. Auth.,* 982 F.2d 892, 895 (3d Cir. 1993)). No causal link is asserted. Mr. Khan alleges generally that adverse actions followed his discrimination complaints, but provides no factual detail connecting the particular complaints to the challenged actions. The more

specific grievance concerned the portal records and the police call which followed the plaintiff's request for unpaid wages. (Compl. pp. 2,3.) As described, those communications did not identify discrimination. Mr. Khan also does not explain when the challenged actions occurred in relation to his discrimination complaints. (*Id.*) The complaint, therefore, supplies insufficient context to infer causation from the timing of events or a pattern of antagonism following protected activity.

10. As to the claims against United, a union acting as an employee's bargaining representative breaches its duty of fair representation when its conduct is arbitrary, discriminatory, or in bad faith. *Vaca v. Sipes*, 386 U.S. 171, 190–193 (1967). Plaintiff does not allege facts supporting an inference that United's conduct was in bad faith or that it declined to pursue grievances because of the asserted prohibited discrimination.

11. Additionally, allegations such as "[p]laintiff was subject to unlawful discrimination based on national origin and race caused through hostile work environment, unequal scheduling and discriminatory disciplinary actions" and "[d]efendant Acme retaliated against [p]laintiff by altering working conditions, imposing adverse job actions, and engaging in constructive discipline" are conclusory and do not plausibly allege a cause of action. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210-11 (3d Cir. 2009) ("threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice.")

Accordingly,

**IT IS** on this **21st** day of **September 2026** **ORDERED** that:

1. The Application (ECF No. 7) is **GRANTED.**

2. The Complaint is **DISMISSED without prejudice**. Plaintiff may file an amended complaint by **October 21, 2026** addressing the deficiencies outlined above. If an amended complaint is not filed by October 18, 2026, the Court intends to dismiss the Complaint with prejudice.

3. The Clerk of the Court is directed to close this action and send a copy of this Order to plaintiff by regular mail.

*/s/ Edward S. Kiel*

**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**