**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| **MUHAMMAD ADNAN KHAN,**<br>**Plaintiff,**<br>**v.**<br>**ACME MARKETS INC., *et al.*,**<br>**Defendants.** | **Case No. 26–cv–11411–ESK–EAH**<br><br>**OPINION AND ORDER** |

**THIS MATTER** having come before the Court upon *pro se* plaintiff Muhammed Adnan Khan filing of an amended complaint (Amended Complaint) against defendants Acme Marks Inc. (Acme) and United Food and Commercial Workers Local 152 (United) (ECF No.9 (Am. Compl.)); and the court finding,

1. On September 2, 2026, plaintiff filed a complaint (Complaint) alleging employment discrimination, retaliation, and breach of the duty of fair representation. (ECF No. 1.) On September 21, 2026, the Court granted plaintiff's application to proceed *in forma pauperis* but dismissed the Complaint without prejudice for failure to state a claim. (ECF No. 8 (Order).) The court afforded plaintiff an opportunity to address the pleading deficiencies. (*Id.* pp. 3,4.) On October 20, 2026, plaintiff filed the Amended Complaint. (ECF No. 9.) The Court again screens the pleading under 28 U.S.C. § 1915(e)(2)(B)(ii) and applies the Rule 12(b)(6) standard set forth in its prior opinion. (Order pp. 1, 2.)

2. Count One of the Amended Complaint seeks relief against Acme for retaliation, discrimination, hostile work environment, and constructive discharge. (Am. Compl. ¶¶ 29–32.) Plaintiff groups these distinct theories within one count rather than pleading them separately. *See* Fed. R. Civ. P. 8(a)(2), 10(b). Although separately stating the theories would promote clarity, the Court can discern them and will examine each independently in light of plaintiff's *pro se* status.

3. As to discrimination and hostile work environment, although plaintiff provides additional factual allegations concerning his employment, the Amended Complaint fails to remedy the previously identified deficiencies. (Order pp. 3, 4.) Plaintiff does not sufficiently allege that Acme's employment

decisions were motivated by his race or national origin or that he experienced a hostile work environment because of either characteristic. While the Amended Complaint provides more detail, plaintiff still does not sufficiently plead how or why he is entitled to relief on those theories. The additional assertions regarding administrative records, employment assignments, and withholding of pay do not cure the absence of a plausible discriminatory connection. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

4. Plaintiff also does not adequately allege constructive discharge. He asserts intolerable working conditions and refers to a contemplated or impending resignation but does not adequately allege that he resigned because of conditions "so intolerable" that a reasonable employee would have felt compelled to resign. *Pa. State Police v. Suders*, 542 U.S. 129, 141 (2004). Accordingly, the discrimination, hostile-work-environment, and constructive-discharge theories in Count One fail to state a claim.

5. As to retaliation, plaintiff alleges that, following commencement of this action, Acme eliminated his scheduled working hours for four consecutive weeks between September and October 2026. (Am. Compl. ¶¶ 18–21.) Plaintiff also attaches screenshots reflecting weeks without scheduled hours. (ECF No. 9–1 pp. 23–26.) Title VII prohibits retaliation against an employee for engaging in protected activity. 42 U.S.C. § 2000e–3(a). Although plaintiff does not identify when Acme learned of this action or who eliminated his working hours, the alleged temporal proximity between the protected activity and the adverse action, viewed in the context of his employment allegations, permits a reasonable inference of retaliation at this preliminary stage. *See Connelly v. Lane Constr*. Corp., 809 F.3d 780, 790–793 (3d Cir. 2016); *Moody v. Atl. City Bd. of Educ*., 870 F.3d 206, 220–222 (3d Cir. 2017) (discussing the temporal connection between a complaint and reduction of assigned hours was "unduly suggestive" between the protected activity and adverse action). Accordingly, plaintiff's Title VII retaliation claim concerning the elimination of his scheduled hours satisfies the pleading standard. *See Twombly*, 550 U.S. at 570. This order does not resolve the merits of the claim.

6. Count Two of the Amended Complaint is asserted against both Acme and United. Plaintiff alleges a hybrid claim under Section 301 of the Labor Management Relations Act based on Acme's alleged breach of the collective bargaining agreement and United's alleged breach of its duty of fair representation. (Am. Compl. ¶¶ 33–35.) Such a claim requires a breach of the collective bargaining agreement by the employer and a breach of the duty of fair representation by the union. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 164, 165 (1983). A union breaches its duty when its conduct is

arbitrary, discriminatory, or in bad faith. *Vaca v. Sipes*, 386 U.S. 171, 190 (1967).

7. The Amended Complaint fails to plausibly allege a hybrid Section 301 claim. Plaintiff alleges that United failed to pursue grievances concerning his employment. (Am. Compl. pp. 2, 3.) But plaintiff's exhibits demonstrate that United considered several of his grievances and explained its decision not to pursue them further. (ECF No. 9–1 p. 4.) Although plaintiff also alleges that United failed to address his more recent scheduling concerns, he states that he notified his union representative on October 19, 2026, one day before filing the Amended Complaint. (Am. Compl. ¶¶ 25–28.) These allegations do not support a reasonable inference that United acted arbitrarily, discriminatorily, or in bad faith. In addition, plaintiff generally asserts violations of the collective bargaining agreement without identifying the contractual provisions implicated by the allegedly improper actions. The hybrid Section 301 claim therefore is insufficiently pleaded.

8. Plaintiff has already been afforded an opportunity to correct deficiencies identified in the original Complaint. The Court nevertheless will dismiss the deficient theories without prejudice and afford one final opportunity to amend those theories, while permitting the scheduling-based retaliation claim to proceed. Any second amended complaint must be a complete pleading that stands on its own, identifies the claims and the defendants against whom each is asserted, and alleges facts supporting each claim. Plaintiff is not required to amend and may elect to proceed solely on the surviving retaliation claim.

Accordingly,

**IT IS** on this **24th** day of **October 2026** **ORDERED** that:

1. The Amended Complaint is **DISMISSED WITHOUT PREJUDICE IN PART** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii). The discrimination, hostile-work-environment, and constructive-discharge theories within Count One, and Count II in its entirety, are dismissed without prejudice.

2. The Title VII retaliation claim within Count One, insofar as it concerns Acme's alleged elimination of plaintiff's scheduled working hours following commencement of this action, may proceed past initial screening.

3. Plaintiff may file a second amended complaint addressing the deficiencies identified above by November 14, 2026. If plaintiff does not timely amend, this action will proceed solely on the surviving retaliation claim, and

the dismissed claims will remain dismissed. Further leave to amend is not guaranteed.

4. The Clerk of the Court is directed to send a copy of this Opinion and Order to plaintiff by regular mail.

*/s/ Edward S. Kiel*
**EDWARD S. KIEL**
**UNITED STATES DISTRICT JUDGE**